UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UPPER ROOM BIBLE CHURCH, INC. | CIVIL ACTION |
| VERSUS | No. 22-3490 |
| SEDGWICK DELEGATED AUTHORITY, ET AL. | SECTION I |

## ORDER AND REASONS

Before the Court is a motion,[1] pursuant to Federal Rule of Civil Procedure 59(e), to alter or amend this Court's order compelling arbitration and staying the proceedings filed by plaintiff Upper Room Bible Church, Inc., ("Upper Room" or "plaintiff").[2] Defendants Certain Underwriters at Lloyd's London, Indian Harbor Insurance Company, Lexington Insurance Company, QBE Specialty Insurance Company, Steadfast Insurance Company, United Specialty Insurance Company, General Security Indemnity Company of Arizona, HDI Global Specialty SE, Old Republic Union Insurance Company, GeoVera Specialty Insurance Company, and Transverse Specialty Insurance Company (collectively, "defendants") oppose[3] the motion. For the reasons below, the Court denies the motion.

---

[1] R. Doc. No. 26.
[2] Plaintiff has filed a similar motion seeking alteration of the Court's dismissal of its claims against another defendant. R. Doc. No. 32. Plaintiff has also filed a notice of appeal. R. Doc. No. 28. Pursuant to Federal Rule of Appellate Procedure Rule 4(a)(4)(B)(i), if a party files a notice of appeal after the court enters a judgment but before it disposes of a Rule 59(e) motion, the notice becomes effective to appeal a judgment, in whole or in part, when the order disposing of the last such remaining motion is entered. Accordingly, the Court retains jurisdiction in this matter until plaintiff's Rule 59(e) motions are resolved.
[3] R. Doc. No. 29.

1

## I.  BACKGROUND

This case arises from an insurance dispute between Upper Room and the defendants. Upper Room owns two properties that sustained damage when Hurricane Ida made landfall on August 29, 2021,[4] one of which sustained further damage from Tropical Storm Nicholas on September 14, 2021.[5] In its complaint, Upper Room alleges that defendants breached the insurance contracts for both properties by refusing to conduct a timely inspection of the damages and failing to tender adequate proceeds after satisfactory proof of loss.[6] Upper Room further alleges that defendants' failure to offer timely and adequate compensation was arbitrary and capricious, rendering them liable for bad faith penalties under La. R.S. §§ 22:1892 and 22:1973.[7]

On December 16, 2022, this Court granted defendants' motion to compel arbitration and stay the proceedings after finding the arbitration clause in the insurance policy between Upper Room and the defendants to be valid and enforceable pursuant to the Convention on Recognition and Enforcement of Foreign Arbitral Awards ("the Convention").[8] Upper Room now asks the Court to amend that order to require that the arbitration proceed within the geographical borders of the Eastern District of Louisiana rather than in New York.[9]

---

[4] R. Doc. No. 1, at 5–6, 10.
[5] *Id.* at 6.
[6] *Id.* at 11.
[7] *Id.* at 12.
[8] R. Doc. No. 25.
[9] R. Doc. No. 26.

2

## II. LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 59(e), a party may file a motion to alter or amend a judgment no later than 28 days after the entry of the judgment. Rule 59(e) motions "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). "[S]uch a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).

"A moving party must satisfy at least one of the following four criteria to prevail on a Rule 59(e) motion: (1) the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the movant presents new evidence; (3) the motion is necessary in order to prevent manifest injustice; [or], (4) the motion is justified by an intervening change in the controlling law." *Jupiter v. BellSouth Telecomms., Inc.*, No. 99-0628, 1999 WL 796218, at *1 (E.D. La. Oct. 5, 1999) (Vance, J.) (internal quotation marks omitted).

## III. ANALYSIS

The instant motion was filed within the 28-day timeline contemplated by Rule 59(e).[10] The motion does not present new evidence, allege manifest injustice, or point to any intervening changes in law. By process of elimination, therefore, it appears

---

[10] *See* R. Doc. Nos. 25, 26.

3

that Upper Room is alleging that the instant motion is necessary to correct manifest errors of law or fact. *See Jupiter*, 1999 WL 796218, at *1.

Specifically, Upper Room urges the Court to recognize a distinction between the terms "seat" and the "venue" in the context of arbitration.[11] According to plaintiff, "venue" refers to the physical location where the arbitration is held, while "seat" concerns which jurisdiction's laws apply.[12] The policy's arbitration clause states: "The seat of the Arbitration shall be in New York and the Arbitration Tribunal shall apply the law of New York as the proper law of this insurance."[13] Therefore, under plaintiff's interpretation,[14] the arbitration clause in the contract designates only the law that the arbitration tribunal should apply, not the location where the arbitration should take place. Upper Room further argues that since it "did not bargain for this disfavorable [sic] attempt by Defendants to have the venue [*i.e.*, location] of arbitration in New York," the Court should order that the arbitration take place within the Eastern District of Louisiana.

The only authority that Upper Room cites for this distinction is "The Book of Jargon, International Arbitration, First Edition, Latham & Watkins LLP."[15] That document is obviously not binding authority, and the Court has not identified any

---

[11] *Id.* at 1–2.
[12] *Id.* at 1.
[13] R. Doc. No. 8-3, at 38.
[14] Plaintiff apparently interprets the contract as stating, redundantly, that "the law applied to the arbitration shall be in New York and the arbitration tribunal shall apply the law of New York."
[15] R. Doc. No. 36, at 2–5.

case law supporting Upper Room's argument. Upper Room also does not point to anything in the contract itself supporting its interpretation.

Upper Room relies on section 4 of the Federal Arbitration Act ("FAA"), which states that, when a court compels arbitration under the FAA, "[t]he hearing and proceedings, under such agreement, shall be within the district in which the petition for an order directing such arbitration is filed." 9 U.S.C. § 4. Upper Room asserts that this language supports its position because some courts "have held that a district court cannot compel an arbitration to proceed outside of its geographical jurisdiction."[16] But Upper Room also notes that the Fifth Circuit has held that a district court can compel arbitration in a place specified in an arbitration clause, even if that place is outside the court's district.[17]

More to the point, the Court specifically did not order arbitration under the FAA, because it found that arbitration was required pursuant to the Convention.[18] The statutory provisions that implement the Convention provide, in relevant part, that "[a] court having jurisdiction under this chapter may direct that arbitration be held in accordance with the agreement at any place therein provided for, whether that place is within or without the United States." 9 U.S.C. § 206.[19]

---

[16] R. Doc. No. 26-1, at 2.
[17] *Id.* at 6. (citing *Dupuy-Busching Gen. Agency, Inc. v. Ambassador Ins. Co.*, 524 F.2d 1275 (5th Cir. 1975)).
[18] R. Doc. No. 25, at 9 n.19.
[19] The implementing act also provides that the FAA applies to proceedings brought pursuant to the Convention only "to the extent that [the FAA] is not in conflict with [the Convention]." 9 U.S.C. § 208.

Finally, plaintiff does not explain why it saved these arguments for a Rule 59(e) motion. Such a motion "is 'not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of [the order].'" *Lacoste v. Pilgrim Int'l Co.*, No. 07-2904, 2009 WL 1565940, at *8 (E.D. La. June 3, 2009) (quoting *Templet*, 367 F.3d at 478-79). Defendants' motion to compel arbitration clearly sought arbitration in New York.[20] Upper Room could have raised its arguments as to the meaning of "seat" and "venue" in its opposition to that motion, but it did not. It therefore cannot raise those arguments now in a motion pursuant to Rule 59(e). Furthermore, plaintiff has not identified any "manifest injustice" that will occur if this Court's order is not amended.

## IV.  CONCLUSION

For the foregoing reasons, plaintiff's motion[21] to alter or amend the order compelling arbitration and staying the proceedings is **DENIED**.

New Orleans, Louisiana, February 15, 2023.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[20] R. Doc. No. 8-2, at 8 (arguing that the arbitration agreement "dictates the arbitration shall be held in New York and shall be subject to New York law").
[21] R. Doc. No. 26. Upper Room's motion to alter or amend the judgment with regard to the dismissal of its claims against Sedgwick Delegated Authority remains pending. R. Doc. No. 32.