UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**UPPER ROOM BIBLE CHURCH, INC.**  CIVIL ACTION

**VERSUS**  No. 22-3490

**SEDGWICK DELEGATED AUTHORITY, ET AL.**  SECTION I

## ORDER & REASONS

Before the Court is a motion[1] to certify an interlocutory appeal filed by plaintiff Upper Room Bible Church, Inc. ("Upper Room"). Defendant Sedgwick Delegated Authority ("Sedgwick") opposes[2] the motion. For the following reasons, the Court denies the motion.

### I.   BACKGROUND

This is an insurance dispute arising from damage to Upper Room's property caused by Hurricane Ida and Tropical Storm Nicholas. Upper Room filed a complaint naming Sedgwick and eleven insurers ("the insurers") as defendants and asserting claims for breach of contract and breach of the duty of good faith.[3] The insurers subsequently filed a motion to compel arbitration, which this Court granted.[4] Sedgwick, which is a third-party claims administrator, filed a motion to dismiss

---

[1] R. Doc. No. 47.
[2] R. Doc. No. 49.
[3] R. Doc. No. 1.
[4] R. Doc. No. 8. The Court granted the insurers' motion to compel arbitration in the same order granting Sedgwick's motion to dismiss. R. Doc. No. 25.

1

pursuant to Federal Rule of Civil Procedure 12(b)(6) asserting that Upper Room's claims were based on an insurance contract to which it was not a party.[5]

In its opposition to Sedgwick's motion to dismiss, Upper Room argued that it was a third-party beneficiary of an alleged contract between Sedgwick and the insurers.[6] This theory, however, was not reflected in the complaint. The Court granted Sedgwick's motion to dismiss on December 16, 2022, finding that it could not "reasonably infer, based on the factual allegations in the complaint, that privity of contract exists between Sedgwick and Upper Room, nor that Upper Room is a third-party beneficiary of any contract between Sedgwick and the insurers."[7] In its briefing on the motion to dismiss, Upper Room never requested leave to amend its complaint.

After the Court granted Sedgwick's motion to dismiss, Upper Room filed a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e), asserting that the Court erred by not *sua sponte* granting Upper Room leave to amend its complaint pursuant to Rule 15(a).[8] The Court denied the motion, determining that it was untimely under Rule 59(e), and that Upper Room had not identified any error in the Court's judgment justifying relief pursuant to either Rule 59(e) or 60(b).[9] Specifically, the Court noted that Rule 15(a), which provides that leave to amend should be granted "freely . . . when justice so requires," "applies [only] where plaintiffs 'expressly requested' [leave] to amend[.]" *U.S. ex rel. Willard v.*

---

[5] R. Doc. No. 11.
[6] R. Doc. No. 18.
[7] R. Doc. No. 25, at 5.
[8] R. Doc. No. 32.
[9] R. Doc. No. 45, at 4.

*Humana Health Plan*, 336 F.3d 375, 387 (5th Cir. 2003). In the instant motion, Upper Room requests that this Court certify the order denying alteration or amendment of the judgment for interlocutory appeal.

## II.     LAW & ANALYSIS

Upper Room invokes 28 U.S.C. § 1292(b), which provides, in relevant part, that a district judge may certify an otherwise non-appealable order for appeal if the judge finds that (1) "such order involves a controlling question of law" (2) "as to which there is substantial ground for difference of opinion" and (3) "that an immediate appeal from the order may materially advance the ultimate termination of the litigation."[10] Interlocutory appeals pursuant to § 1292(b) "are appropriate only in 'exceptional cases.'" *Fairfield Royalty Co. v. Island Operating Co., Inc.*, No. 10-3446, 2011 WL 6140665, at *2 (E.D. La. Dec. 9, 2011) (Lemelle, J.) (quoting *United States v. Garner*, 749 F.2d 281, 286 (5th Cir. 1985)). "A district court cannot certify an order for interlocutory appeal unless all three [statutory] criteria are present." *La. State Conf. of NAACP v. Louisiana*, 495 F. Supp. 3d 400, 410 (W.D. La. 2020) (citations and quotation omitted).

---

[10] Upper Room also references Federal Rule of Appellate Procedure 5(a)(3), which provides that "[i]f a party cannot petition for appeal unless the district court first enters an order granting permission to do so or stating that the necessary conditions are met, the district court may amend its order, either on its own or in response to a party's motion, to include the required permission or statement. In that event, the time to petition runs from entry of the amended order."

### a. Controlling Question of Law

A "controlling question of law" for purposes of § 1292(b) is one that has "potential to have some impact on the course of the litigation." *La. State Conf.*, 495 F. Supp. 3d at 413 (citation and quotation omitted). "An issue is not seen as controlling if its resolution on appeal would have little or no effect on subsequent proceedings." *Napoleon v. Shows, Cali & Walsh, LLP*, No. 20-1775, 2022 WL 721560, at *5 (E.D. La. Mar. 10, 2022) (Lemelle, J.) (quotation and citation omitted). Upper Room asserts that this Court's order denying Upper Room's motion to alter or amend the Court's judgment involves a controlling question of law because "[t]he applicable [sic] of Plaintiff'[s] right to amend relative to the Defendant, Sedgwick[,] is the sole legal issue [as] to" Upper Room's claim against Sedgwick.[11]

Reversal of the Court's previous order could impact the course of this litigation. When the Court granted Sedgwick's motion to dismiss, Upper Room's claims against that entity were terminated. If the Court had granted Upper Room's motion to amend the Court's judgment dismissing its claims against Sedgwick, and Upper Room was ultimately granted leave to amend its complaint, its claims against Sedgwick would potentially be revived.[12] Accordingly, the Court finds that the first § 1292(b) prerequisite is satisfied.

---

[11] R. Doc. No. 47-1, at 4.
[12] Of course, any amended complaint could be subject to a renewed motion to dismiss by Sedgwick.

*b. Substantial Ground for Difference of Opinion*

The threshold for establishing the second factor for certifying an order for interlocutory appeal "is a high one." *La. State Conf.*, 495 F. Supp. 3d at 414. Disagreement with a court's order is not enough to establish that there is substantial ground for a difference of opinion. *Fairfield Royalty*, 2011 WL 6140665, at *2 (citing *Clark-Dietz & Assocs.-Eng'rs., Inc. v. Basic Constr. Co.*, 702 F.2d 67, 68 (5th Cir. 1983)). "A substantial ground for difference of opinion exists if 'the circuits are in dispute on the question and the Court of Appeals of the circuit [encompassing the district court] has not spoken on the point . . . or if novel and difficult questions of first impression are presented.'" *Fairfield Royalty*, 2011 WL 6140665, at *2 (quoting *In re Chinese-Manufactured Drywall Prods. Liab. Litig,*, MDL No. 2047, 2011 WL 2443693, at *3 (E.D. La. June 14, 2011) (Fallon, J.)).

As to this factor, Upper Room states: "Plaintiffs [sic] use the word 'Defendant(s)' where the District Court would have rathered [sic] the Defendant, Sedgwicks [sic] Delegated."[13] However, Upper Room identifies no authority contrary to this Court's determination that Rule 15(a) applies only where a plaintiff requests leave to amend, nor any authority supporting the contention that Upper Room was entitled to relief pursuant to Rule 59(e) or Rule 60(b).

---

[13] R. Doc. No. 47-1, at 4. The Court is not certain what Upper Room means by this statement. In the Court's order granting Sedgwick's motion to dismiss, the Court did note that Upper Room's complaint made no specific allegations of wrongdoing by Sedgwick. R. Doc. No. 25, at 2.

As noted above, the Fifth Circuit has explained that Rule 15(a) applies where plaintiff has expressly requested leave to amend. *U.S. ex rel. Willard*, 336 F.3d at 387. Moreover, the Fifth Circuit has addressed this issue in similar circumstances. In *Law v. Ocwen Loan Servicing, LLC*, 587 F. App'x 790, 796 (5th Cir. 2014) (per curiam), the Court explained:

> Law's response to Ocwen's motion to dismiss, while containing new factual allegations, contained no language that might be construed as a request for leave to amend his complaint, let alone *express* language requesting leave and indicating the particular grounds on which the amendment was sought. Moreover, the district judge did not discuss granting Law leave to amend at any point. In short, there is nothing in the record that would allow us to conclude that Law requested leave to amend his complaint prior to this appeal.

587 F. App'x at 796 (5th Cir. 2014) (emphasis in original). And, as the Court has repeatedly noted, Upper Room never requested leave to amend.[14] Because Upper Room has not identified any authority contrary to this Court's decision, it has not identified any substantial grounds for difference of opinion as to the Court's conclusion that Upper Room was not entitled to alteration of the order dismissing its complaint against Sedgwick.

Because the Court must find that all statutory criteria are met in order to certify interlocutory appeal pursuant to § 1292(b), the finding that there is no substantial ground for difference of opinion necessitates denial of the instant motion. *La. State Conf.*, 495 F. Supp. 3d at 410. The Court therefore does not address whether

---

[14] R. Doc. No. 45, at 4; *see also supra* p. 2.

6

interlocutory appeal would materially advance the termination of this litigation. *La. State Conf.*, 495 F. Supp. 3d at 410.

### III. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Upper Room's motion for certification of interlocutory appeal is **DENIED**.

New Orleans, Louisiana, April 18, 2023.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**